**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-4335**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ERIC ANTHONY GARNER, a/k/a Pops,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:24-cr-00003-GMG-RWT-2)

_____

Submitted:  November 25, 2025               Decided:  December 2, 2025

_____

Before WYNN and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Derrick W. Lefler, Princeton, West Virginia, for Appellant.  Randolph J. Bernard, Acting United States Attorney, Lara K. Omps-Botteicher, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Anthony Garner pleaded guilty to conspiracy to possess with intent to distribute and to distribute 400 grams or more of a fentanyl mixture, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846.  The district court sentenced Garner to 300 months' imprisonment, on the lower end of his Sentencing Guidelines range.  On appeal, Garner argues that the sentence is procedurally and substantively unreasonable.  We affirm.

We review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard."  *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted).  In conducting this review, we first ensure that the sentence is procedurally reasonable, "consider[ing] whether the district court properly calculated the defendant's advisory guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence."  *Id.* (internal quotation marks omitted).  When imposing a sentence, "the district court must make an individualized assessment based on the facts presented, . . . state in open court the particular reasons supporting its chosen sentence," and "address the parties' nonfrivolous arguments in favor of a particular sentence."  *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (internal quotation marks omitted).  If the court rejects those arguments, it must explain why in a manner allowing for meaningful appellate review.  *Id.*

If a sentence is procedurally sound, we then review the substantive reasonableness of the sentence.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  "When considering the substantive reasonableness of a prison term, we examine the totality of the circumstances

2

to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Arbaugh*, 951 F.3d 167, 176 (4th Cir. 2020) (citation modified). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable," and that presumption can only be rebutted by showing that the sentence is unreasonable when measured against the § 3553(a) factors. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Garner argues that the district court's sentence is procedurally unreasonable because the court failed to sufficiently consider and explain its rejection of his arguments for a downward variance based on his age. Garner further asserts that the sentence is substantively unreasonable because the court did not consider his age when analyzing the § 3553(a) factors. We have reviewed the record and conclude that the court sufficiently explained its reasons for imposing a sentence at the lower end of the advisory Guidelines range. Specifically, the court rejected Garner's argument that he should receive a downward variance because of his age, acknowledging that Garner was 58 years old and noting that previous imprisonments had not deterred Garner from committing escalated criminal activities. We further conclude that the sentence was substantively reasonable as the court noted that Garner's physical disabilities did not prevent him from consistently violating the law, including his involved role in the instant conspiracy. Based on the factors identified by the district court, Garner has failed to overcome the presumption of reasonableness applied to his within-Guidelines sentence.

3

4

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*